■ GIACOMO LOPEZ, Respondent, v STOP & SHOP SUPERMARKET COMPANY, LLC, Defendant/Third-Party Plaintiff-Respondent. MANHATTAN BEER DISTRIBUTORS, LLC, et al., Defendants/Third-Party Defendants-Appellants. [922 NYS2d 557]—

In an action to recover damages for personal injuries, the defendants/third-party defendants, Manhattan Beer Distributors, LLC, and Manhattan Beer Distributors, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered May 6, 2010, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 3, 2006, the plaintiff allegedly slipped and fell on beer on the floor of a supermarket owned by the defendant/third-party plaintiff, Stop & Shop Supermarket Company, LLC (hereinafter Stop & Shop), when the bottom of the packaging of the beer he was carrying gave way and the bottles broke on the floor. On the date of the accident, and several days before, the defendants/third-party defendants, Manhattan Beer Distributors, LLC, and Manhattan Beer Distributors, Inc. (hereinafter together the appellants), delivered beer to the store. At his dep-

osition, the sales manager for the appellants stated that after deliveries were made to a particular store a sales associate, typically on the day of delivery, would be responsible for taking the beer from the Stop & Shop storeroom and placing it in, inter alia, the refrigeration units inside the store. He testified that it was the sales associate's responsibility to check the quality of the product when placed on the shelves, including to see if there was any damaged packaging. He admitted that if any of the packaging was wet, it should be removed during that process. He testified that he did not know who the sales associate was for the particular Stop & Shop on the date of the subject accident, and had no business records to show when a sales associate visited a particular location.

After the plaintiff commenced this action, the appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court, inter alia, denied the motion.

In this case, since the appellants failed to offer proof by a person with personal knowledge, they failed to establish prima facie that they were not aware of the hazardous condition complained of by the plaintiff, which was the wet packaging of the beer the plaintiff was carrying at the time of the alleged accident. Accordingly, the Supreme Court correctly denied their summary judgment motion without regard to the sufficiency of the opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]). Skelos, J.P., Belen, Lott and Cohen, JJ., concur.